# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>    Plaintiff,<br><br>    v.<br><br>J. CONVALECER, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:13-cv-01554-AWI-SKO (PC)<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>(Doc. 7) |

Plaintiff Roberto Herrera, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 26, 2013. On October 10, 2013, Plaintiff filed a motion seeking a preliminary injunction mandating that prison officials provide him with effective pain medication and comply with state prison regulations regarding the delivery of medication.

An as initial matter, for each form of relief sought in federal court, Plaintiff must establish standing. *Summers v. Earth Island Institute*, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or

redress the injury.  *Summers*, 555 U.S. at 493 (quotation marks and citation omitted); *Mayfield*, 599 F.3d at 969.

In an order filed on April 4, 2014, the Magistrate Judge dismissed Plaintiff's amended complaint as illegible and ordered Plaintiff to file a legible complaint within thirty days. Fed. R. Civ. P. 8; Local Rule 130.  Assuming for the sake of argument that Plaintiff will be able to file a legible second amended complaint establishing standing regarding constitutionally deficient medical care, his motion nevertheless fails to demonstrate entitlement to relief.

"A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Id.* at 20 (citations omitted).  An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief.  *Id.* at 22 (citation omitted) (emphasis added).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).

In this case, Plaintiff's one-page motion seeking relief is devoid of any specific facts or evidentiary support.  18 U.S.C. § 3626(a)(1)(A); *Winter*, 555 U.S. at 24.   Plaintiff's mere disagreement with the course of treatment chosen by prison medical staff does not support a claim under section 1983 and Plaintiff's bare request for relief suggests nothing more than his mere disagreement, at best.  *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)) ), *overruled in part on other grounds*, *Peralta v. Dillard*,

__ F.3d __, __, No. 09-55907, 2014 WL 878830, at *3 (9th Cir. Mar. 6, 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122-23 (9th Cir. 2012).

      Accordingly, Plaintiff's motion for a preliminary injunction, filed on October 10, 2013, is HEREBY DENIED based on Plaintiff's failure to meet his burden as the party moving for relief.

IT IS SO ORDERED.

Dated:   April 8, 2014                        _____
                                                      SENIOR DISTRICT JUDGE