# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA, | Case No. 1:13-cv-01554-AWI-SKO (PC) |
| Plaintiff, | ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT, NUNC PRO TUNC TO MAY 23, 2014, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | |
| J. CONVALECER, et al., | |
| Defendants. | (Doc. 12) |

Plaintiff Roberto Herrera, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 26, 2013.  On April 30, 2014, Plaintiff filed a motion seeking an extension of time to file his second amended complaint and for the appointment of counsel.

On April 4, 2014, the Court dismissed Plaintiff's amended complaint and ordered him to file a legible second amended complaint within thirty days.  After filing his motion for an extension of time, Plaintiff filed a second amended complaint on May 23, 204.  Therefore, Plaintiff's motion for an extension of time is HEREBY GRANTED, nunc pro tunc to May 23, 2014.

Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C.

1 § 1915(e)(1), but it will do so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Palmer*, 560 F.3d at 970.

Accordingly, Plaintiff's motion for the appointment of counsel is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **June 19, 2014**            **/s/ Sheila K. Oberto**
                                    UNITED STATES MAGISTRATE JUDGE