# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA, | Case No. 1:13-cv-01554-AWI-SKO (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO COMPLY WITH COURT ORDER |
| v. | |
| J. CONVALECER, et al., | |
| Defendants. | (Docs. 10 and 13) |
| | TWENTY-DAY OBJECTION DEADLINE |

Plaintiff Roberto Herrera, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 26, 2013. On April 4, 2014, the Court dismissed Plaintiff's amended complaint and ordered him to file a second amended complaint within thirty days. On May 23, 2014, after obtaining an extension of time, Plaintiff timely filed a second amended complaint.

In an order filed on April 4, 2014, the Court provided Plaintiff with the following notice regarding his amended complaint:

> The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores,*

> *Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).
>
> In addition, Local Rule 130(b) requires that filings be clearly legible. Plaintiff's amended complaint falls short of the requisite legibility. Plaintiff appears to be articulate and the issue lies with penmanship rather than with literacy. The Court notes that some of Plaintiff's filings in other cases are noticeably more legible, including Plaintiff's objection filed on January 7, 2013, in case number 1:12-cv-00982-AWI-MJS *Herrera v. Nareddy*.
>
> The Court will provide Plaintiff with a complaint form. Plaintiff is required to file a legible second amended complaint. Plaintiff's letter and word formation must be legible, and Plaintiff must use adequate spacing between words.

(Doc. 10, 1:20-2:8.)

Plaintiff's second amended complaint, although brief, is no more legible than his first amended complaint. Plaintiff was warned that his failure to comply with the order would result in dismissal, without prejudice, and his failure to remedy the deficiencies in his complaint with respect to legibility supports the imposition of terminating sanctions, as follows.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quotation marks and citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation and internal quotation marks omitted). Further, the Court's need to manage its docket weighs in favor of dismissal, as "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . ." *Pagtalunan*, 291 F.3d at 642 (citation and internal quotation marks omitted).

1   The Court is constrained to find that the prejudice factor weighs against dismissal because
2 the mere pendency of an action does not constitute prejudice. *In re PPA*, 460 F.3d at 1228;
3 *Pagtalunan*, 291 F.3d at 642-43. Further, while public policy favors disposition on the merits and
4 therefore weighs against dismissal. *In re PPA*, 460 F.3d at 1228; *Pagtalunan*, 291 F.3d at 643.

5   However, there are no alternative sanctions which are satisfactory. *In re PPA*, 460 F.3d at
6 1228-29; *Pagtalunan*, 291 F.3d at 643. A monetary sanction has little to no benefit in a case in
7 which the plaintiff is proceeding in forma pauperis, and Plaintiff's unwillingness to conform his
8 filings to the legibility requirement imposes an undue burden on the Court with respect to
9 attempted review of his pleadings and suggests lack of diligence on Plaintiff's part with respect to
10 prosecuting this action.[1]

11   In sum, the Court finds that dismissal is warranted given Plaintiff's unwillingness to file a
12 legible pleading and the unavailability of satisfactory alternative sanctions. In an effort to
13 ameliorate the harshness of terminating sanctions, however, the Court recommends dismissal
14 without prejudice. Accordingly, the Court HEREBY RECOMMENDS this action be dismissed,
15 without prejudice, for failure to obey the Court's order to file a legible pleading.

16   These Findings and Recommendations will be submitted to the United States District
17 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within
18 **twenty (20) days** after being served with these Findings and Recommendations, Plaintiff may file
19 written objections with the Court. The document should be captioned "Objections to Magistrate
20 Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

---

[1] The Court again notes that Plaintiff is capable of filing more legible documents. *E.g.*, Doc. 30, *Herrera v. Fleming*, 2:12-cv-01965-WBS-EFB (PC). Courts cannot be placed in a position of having to repeatedly remind and coax litigants into complying with the procedural rules, including legibility.

the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**June 21, 2014**__               _____/s/ Sheila K. Oberto_____
                                               UNITED STATES MAGISTRATE JUDGE